JANVIER, Judge.
The automobile collision from which this tort action has resulted occurred at about 8:30 o’clock on the night of April 22, 1949, in the Parish of Jefferson, at the intersection of Ridgewood Avenue and U. S.Highway 61, familiarly known as the Air Line Highway.
The plaintiffs, Mr. and Mrs. Carl J. Christoffersen, in their 1949 Mercury Sedan, were driving out the Air Line Highway in the direction of Baton Rouge. They intended to stop at Colonial Motor Court, which was on the side of the road to their right. They had stopped at that motor court on the previous night, but, on this occasion, did not notice the court until just as they were passing it. Realizing that it was too late for them to turn to the right and enter the driveway, they proceeded a short distance beyond, knowing that, because of the intersection of Ridgewood Avenue, there was a break in the neutral ground of the highway *516 and that they could therefore make a U-turn and return on the other side of the highway and then turn again to their left and enter the motor court. As Mr. Chris-toffersen, who was driving his car, was attempting this maneuver, another car, owned by Mrs. Helen Higdon Nigro and driven by her son, John Marshall Nigro, 20 years of age, was also proceeding on the Air Line Highway in the same direction. The car driven by Nigro struck the Christoffersen car, either in its rear or on the rear of its left side and caused considerable damage to that car and possibly caused some slight physical injury to both Mr. and Mrs. Christoffersen.
Mr. and Mrs. Christoffersen brought this suit against John Marshall Nigro, the driver of the car, and his mother, Mrs. Helen Higdon Nigro, alleging that the accident had resulted from negligence on the part of John Marshall Nigro, in that he had been operating his car at a highly excessive rate of speed and had carelessly and inattentively driven it into the rear of the Christoffersen car while it was turning to its left after the proper turning signal had been given to indicate intention to make that turn.
Mrs. Nigro was made defendant on the allegation that her son at the time was operating the car on an errand for her. It was alleged that young Nigro, the son, had attained his majority and, in the alternative, it was alleged that if he had not attained his majority, his mother, as tutrix, was liable for his torts.
After an exception of no right or cause of action had been overruled, the defendants answered, in effect admitting the occurrence of the accident, but denying all of the remaining allegations and especially averring that “at the time of the herein involved collision, * * * John Marshall Nigro was a minor and thus is not amenable to civil action * * The defendants further averred that the collision “was caused solely by the negligence of your petitioners (Mr. and Mrs. Christof-fersen) in not keeping a proper lookout and not making a proper signal * *
After numerous delays, the matter finally came to trial on December 23, 1956, which was almost eight years after the accident had occurred. There was judgment in favor of defendants dismissing the suit and the matter is now before us on devolutive appeal by plaintiffs.
Although the matter was not tried until nearly eight years after the occurrence of the accident, the testimony of Mr. and Mrs. Christoffersen was taken by consent on October 23, 1950. On June 14, 1956, the defendants filed a supplemental answer in which they averred that the accident had been caused solely by the negligence of Mr. Christoffersen as previously alleged, and they further averred that, as Christoffersen’s car was proceeding along the highway near the right side thereof, it “swung into the neutral ground cutoff at Airline and Ridgeway and stopped in the path of defendants’ automobile * * The defendants then especially alleged that the “plaintiffs cannot recover * * * ” because of the “acts committed by them which constitutes contributory negligence on their part.”
Plaintiffs objected to the supplemental answer, charging that it contains a plea of contributory negligence filed after the testimony of Mr. and Mrs. Christoffersen had been taken and that it thus attempts to change the issue after issue had been joined.
The several questions which are presented to us are: (1) Whether John Marshall Nigro may be sued since, at the time of the occurrence of the accident, he was admittedly a minor; (2) Whether the plea of contributory negligence may be considered since it was not filed until after issue had been joined, and finally and most important, (3) Whether the accident was caused solely by fault on the part of Mr. Christof-fersen who was driving the car in which he and Mrs. Christoffersen were riding.
*517 Although in oral argument counsel mentioned the question of whether young Nigro might be sued since he was a minor at the time of the accident, that question has apparently been abandoned. No doubt counsel for defendants has noticed Articles 1874 and 2227 of the LSA-Civil Code as a result of which the minority of a minor is no bar to a tort action against him.
The question of whether the plea of contributory negligence may be considered would be a most interesting one and might-necessitate considerable study if the record should indicate that there was fault on the part of both drivers. However, since the reasons given by the District Judge indicate that he believed that Christoffersen alone was at fault, it seems best to first determine whether the fault lay only with him, because if there was no fault on the part of young Nigro, the defendants cannot be held liable even if the plea of contributory negligence may not be considered.
Counsel for plaintiffs has argued that the District Judge concluded that young Nigro was at fault and dismissed the suit, not because of absence of fault on the part of young Nigro, but because he felt that Mr. Christoffersen was himself at fault and that his contributory negligence barred recovery. We do not so construe the finding of the District Judge, who, in his reasons for judgment, said:
“ * * * the Court is firmly convinced, both from the testimony of the plaintiff himself and the witnesses for the defendants, that the accident was caused solely and only through the gross carelessness and negligence of the operation of plaintiff’s car by placing himself in a position without having first observed the oncoming traffic. Thus the Court being convinced that the defendant is free from negligence and that the cause of the accident is imputed to the plaintiff herein, that the suit of the plaintiffs herein should be dismissed * *
Surely that statement cannot be construed as a finding that the defendant, John Marshall Nigro, was to any extent at fault.
An examination of the record discloses that, according to Mr. and Mrs. Christof-fersen, they were riding along the Air Line Highway, there being four lanes on each side of the neutral ground, and that they were in the second lane from the curb-side, which was the third lane away from the neutral ground. They say that, when they realized that they were about to pass the motor court, Mr. Christoffersen, finding that there were no cars to his rear which would interfere, swerved his car to his left into the lane nearest the neutral ground and proceeded several hundred feet in that lane and had just altered his direction to turn across the neutral ground intersection when he noticed, in his rear-view mirror, the headlights of a car approaching at high speed behind him.
They say that the car which was approaching from the rear struck their car ini the rear, knocked it some twenty-five feet or so across the opening in the neutral ground, and spun it around in the direction opposite to that in which it had been trav-elling.
In the Nigro car with the driver were two passengers, one of whom has now become Mrs. John Marshall Nigro, and the other of whom, unmarried at the time, has since become Mrs. Patricia Ann Zanco. Young Nigro and the two young ladies who were with him say that their car was in the lane nearest the neutral ground, that its speed was about 55 miles an hour, and that slightly ahead of them and in the next lane, was another car going in the same direction, and that, since their car was proceeding at a speed slightly greater than that of this other car, they overtook it and that just as they were past it, the Christoffersen car, which had been going in the same direction and in the second or third lane from the curb, turned suddenly to its left, passed in front of that third car and was just about *518 to enter the break in the neutral ground directly ahead of the Nigro car when it was struck by the Nigro car on its left side near the rear with the resulting damage.
It is shown that the Christoffersen car sustained the most serious damage on its left side and it is also shown that it spun around into the direction opposite to that in which it had been travelling.
The occupants of the Nigro car conceded that their speed was about 55 miles an hour, and it is argued that this in itself indicates negligence on the part of young Nigro since, so counsel contends, this speed was in excess of the legal limit. So far as we can find from this record there was no local, either municipal or Police Jury ordinance, limiting the speed to any figure below that fixed in the State statute applicable at the time, which was 60 miles per hour. (LSA-R.S. 32:223). We cannot say that the facts shown justify a conclusion that the speed of the Nigro car was excessive, either in that it was higher than the speed required by the dictates of prudence or was higher than the legal limit fixed by the State statute.
The three persons in the Nigro car agree in all essential details, though they do not agree on certain unimportant details.
The testimony of Mr. and Mrs. Christoffersen is very impressive. Yet we cannot say that, from the evidence in this record, the finding of the District Judge was manifestly erroneous.
It is shown that the driver of the Nigro car discovered the presence of the Christof-fersen car when his car was about 60 feet from the intersection. It was proceeding at a speed of about 55 miles an hour, thus it traversed that 60 feet within less than two seconds. In that same two seconds the Christoffersen car, which it is shown was proceeding at a speed of 10 or 15 miles an hour, crossed the two lanes of the highway, or about 30 or 35 feet, and thus emerged from a position of complete safety on the right side of the road into the path of the Nigro car when the latter could no longer be brought to a stop.
Our conclusion is that the facts do not justify a holding that the finding of the District Judge was manifestly erroneous. Accordingly the judgment appealed from is affirmed at the cost of appellants.
Affirmed.